# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN XYDAKIS<br>　　　　Plaintiff<br>　vs.<br>CRISTINA ZVUNCA<br>　　　　Defendant | Civil Action No.<br><br>**Jury Trial Demanded** |

## COMPLAINT

NOW COMES Plaintiff John Xydakis, and for his Complaint against Cristina Zvunca, a Romanian national, states as follows:

### I. PRELIMINARY STATEMENT

1. From 2010 through 2014, Plaintiff, attorney John Xydakis, provided legal services to Defendant Cristina Zvunca relating to arising from a Greyhound bus injuring Defendant and killing Defendant's mother in Colorado.

2. In 2016, with another attorney, Defendant settled both claims. Despite this, Defendant reportedly insists that Plaintiff is not entitled to any compensation. Plaintiff seeks fees for *quantum meruit*.

### II. JURISDICTION

3. This Honorable Court has jurisdiction over this action pursuant to Title 28 U.S.C. §1331. Plaintiff is a citizen of Illinois and Defendant is a citizen of Romania and is domiciled in Romania. In addition, the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is proper in this District under 28 U.S.C §§1391 as Plaintiff resides in this judicial district and a substantial part of the events giving rise to the claim occurred within this judicial district.

1

## COUNT ONE –QUANTUM MERUIT

5. In 2002, a Greyhound bus ran over and killed Claudia Zvunca in Colorado in front of her eight year old daughter, Defendant Cristina Zvunca. In 2007, Tiberiu Klein was appointed Defendant's guardian by the Circuit Court of Cook County, Probate Division.

6. Pursuant to that authority, in 2010, Klein , as guardian, hired Plaintiff, attorney John Xydakis, to provide legal representation to Defendant.

7. After Defendant turned eighteen years of age in 2012, Defendant ratified the agreements and further retained Plaintiff to provide legal services through 2014, when Defendant retained another attorney.

8. From 2010 through 2014, Plaintiff provided legal services that benefitted Defendant in at least the following matters:

1. in the Circuit Court of Cook County Illinois, for prosecution of her individual claims as well as in her capacity as administrator for the wrongful death and survival claims (Case 07 L 3391)

2. in the Circuit Court of Cook County Illanos, to protect Defendant's interests (Case No. 09 L 6397);

3. in the Circuit Court of Cook County Illinois, for the guardianship of the minor and the minor's estate (Case 07 P 7929);

4. in the Circuit Court of Cook County Illinois, prosecuting the wrongful death and survival claims as well as for Defendant's own personal injury claims (Case 07 L 3391);

5. in the First District Appellate Court of Illinois for multiple appeals (including Case Nos. 10-3176, 10-3196, 10-3197, 10-0768, 11-1667, 11-3547, 11-3337),

6. in the United States District Court for the Northern District of Illinois (Case No. 11 C 798);

7. in the United States Court of Appeals for the Seventh Circuit (Case No. 11-2603);

8. in the United States District Court of Colorado relating to Defendant's own personal injuries (Case No. 10 CV 01701); and

9. in the United States Court of Appeals for the Tenth Circuit relating to appeals from the District Court of Colorado (Case No. 11-1351).

9. All of the above cases related to wrongful death claims and claims for Defendant's personal injuries. For all of the above cases, Defendant agreed to compensate Plaintiff for his legal services.

10. In 2016, Defendant settled the wrongful death claims and claims for her personal injuries for $4.95 million. Defendant would not have been able to do so had it not been for the legal services that had been previously provided to her by Plaintiff in the above cases.

11. Plaintiff's legal services benefited Defendant and were not performed gratuitously.

12. In addition, Defendant accepted Plaintiff's services and ratified any agreements entered into on her behalf by her former guardian.

13. Defendant is unjustly enriched by the valuable legal services provided to Defendant by Plaintiff and it would be unjust for Defendant to retain the benefit of Plaintiff's services in the absence of compensation.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages in excess of $75,000 and in an amount to be proved at trial, attorney's fees, costs and prejudgment interest in an amount to be proved at trial and for any further and equitable relief as may be just.

## JURY DEMAND

Plaintiff demands a jury trial on all Counts.

Respectfully Submitted,
John Xydakis

BY:\_\_\_\_/s/ John Xydakis_____
John Xydakis, Attorney for Plaintiff

John S. Xydakis
Law Office of John S. Xydakis
Suite 402
30 N. Michigan Ave.
Chicago, IL 60602
312-488-3497
ARDC No. 6258004

4