# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TIBERIU KLEIN indiv. | ) | **Civil Action No.  16 CV 11008** |
| TIBERIU KLEIN as Co-Administrator of the | ) | |
| Estate of Claudia Zvunca | ) | Honorable Judge Leinenweber |
| JOHN XYDAKIS | ) | |
| Plaintiffs | ) | Jury Trial Demanded |
| vs. | ) | |
| | ) | |
| DANIEL E. O'BRIEN | ) | |
| WINTERS SALZETTA O'BRIEN & | ) | |
| RICHARDSON LLC. | ) | |
| | ) | |
| ADAM POWERS | ) | |
| STEVEN LADUZINSKY | ) | |
| LADUZINSKY & ASSOC. P.C. | ) | |
| | ) | |
| GREYHOUND LINES, INC. | ) | |
| FIRST GROUP PLC | ) | |
| LAIDLAW CORP. | ) | |
| | ) | |
| PAUL BOZYCH | ) | |
| CLAUSEN MILLER LLP | ) | |
| WILSON ELSER MOSKOWITZ EDELMAN | ) | |
| & DICKER LLP | ) | |
| NIELSEN ZEHE & ANTAS PC | ) | |
| | ) | |
| MICHAEL VRANICAR | ) | |
| MOTOR COACH IND. INC. | ) | |
| MOTOR COACH IND. INT'L. INC. | ) | |
| PATTON & RYAN LLC | ) | |
| | ) | |
| CRISTINA ZVUNCA | ) | |
| Defendants | ) | |

## FIRST AMENDED COMPLAINT

NOW COME Tiberiu Klein individually and as Co-administrator of the Estate of Claudia Zvunca, and John Xydakis by and through attorney, John Xydakis of the Law Office of John S. Xydakis, and for their First Amended Complaint against Daniel E. O'Brien, Winters Salzetta

O'Brien & Richardson LLC, Adam Powers, Steven Laduzinsky, Laduzinsky & Assoc. P.C.,

Greyhound Lines Inc., Laidlaw Corp., First Group PLC, Paul Bozych, Clausen Miller, Wilson

Elser Moskowitz Edelman & Dicker LLP, Nielsen Zehe & Antas P.C., Michael Vranicar, Patton

& Ryan LLC, Motor Coach Ind. Inc., Motor Coach Int'l. Inc., and Cristina Zvunca, state as

follows:

## I.   INTRODUCTORY STATEMENT.

1.     For over a decade, two wrongful death cases of Claudia Zvunca proceeded

separately because Claudia's husband (Tiberiu Klein) and Claudia's daughter (Cristina Zvunca)

had no legal relationship with one another.  Defendants would not settle one without the other.

In 2010, attorneys and judges conspired to defeat Klein's case by claiming it "settled" with

Cristina's.  The Illinois Appellate Court undid the scheme, referred an attorney to disciplinary

authorities, and forced two Cook County judges to "retire."  Klein seeks relief here because in

2016, it happened again.

## II. JURISDICTION & PARTIES

2.     This Honorable Court has jurisdiction over this action pursuant to Title 28 U.S.C.

§1331 in that the controversy arises under the United States Constitution and 42 U.S.C. §1983

for deprivation of due process and equal protection.

3.     This Honorable Court also has jurisdiction pursuant to the Federal Declaratory

Judgment Act. 28 U.S.C. §§2201 and 2202.  This Honorable Court has supplemental jurisdiction

of the State law claims under 28 U.S.C. §1367(a), as they arise from the same operative facts as

to be part of the same case or controversy.  Venue is proper in this District under 28 U.S.C

§§1391(b), (c) and 1400(b) as most parties reside or transact business in this venue.

3.     Daniel E. O'Brien is an Illinois attorney employed by Winters Salzetta O'Brien & Richardson LLC ("Winters").  From 2014 through the present, O'Brien represented Cristina Zvunca in her individual claims and in her capacity as an administrator of the Estate of Claudia Zvunca, arising from the wrongful death case of her mother.  Winters is liable for O'Brien's actions under agency law and/or the doctrine of *respondeat superior*.  Winters is also liable for O'Brien's acts as it ratified them, directed the conduct or the consequences of O'Brien's acts, and/or was  negligent or reckless in permitting or failing to prevent O'Brien's tortuous acts.

4.     Adam Powers and Steven Laduzinsky are Illinois attorneys employed by Laduzinsky & Assoc. P.C.  From 2016 through the present, they represented Cristina Zvunca, allegedly in an individual capacity, arising from the wrongful death case of her mother.  Laduzinsky & Assoc. P.C. is liable for the actions of  Powers and Laduzinsky under agency law and/or the doctrine of *respondeat superior*.  Laduzinsky & Assoc. P.C. is also liable for Powers' and Laduzinsky's acts as it ratified them, directed the conduct or the consequences of their acts, and/or was negligent or reckless in permitting or failing to prevent their tortuous acts.

5.     Paul Bozych is an Illinois attorney now employed by Nielsen, Zehe & Antas P.C. and previously by Clausen Miller LLP and Wilson Elser Moskowitz Edelman & Dicker LLP. Bozych represents Greyhound Lines Inc., a defendant in the wrongful death cases, which is an agent of Laidlaw Corp. and First Group PLC for the allegations herein and who act under a common insurance or risk manager directing and relating to Bozych's acts and were direct participants.  All of the foregoing entities are also liable for Bozych's acts under agency law and/or the doctrine of *respondeat superior*, they ratified and intended the conduct or the consequences of Bozych's acts, and/or they were negligent or reckless in permitting or failing to prevent Bozych's tortuous acts.

6.      Michael Vranicar is an Illinois attorney employed by Patton & Ryan LLC. Vranicar represents Motor Coach Industries, Inc. and Motor Coach Industries International, Inc. , defendants in the wrongful death cases.  Patton & Ryan, Motor Coach Ind., Motor Coach Int'l. are liable for the acts of Michael Vranicar under agency law and/or the doctrine of *respondeat superior*.  They are also liable for Vranicar's acts as they ratified them, directed the conduct or the consequences of their acts, and/or was  negligent or reckless in permitting or failing to prevent their tortuous acts.

7.      In addition, all of the above mentioned entities and persons are liable as they are joint venture partners, acted jointly, and engaged in a conspiracy, to violate the equal protection, due process, and other rights of Tiberiu Klein.  The above-mentioned parties are also liable as each knowingly conspired, assisted, participated in the fraud noted below (unlawful appropriation of Klein's property or interests by design, or conduct that operates fraudulently on his rights), ratified, and/or benefitted from it.

8.      Tiberiu Klein is Claudia Zvunca's former husband.  Klein was also appointed as an administrator of the Estate of Claudia Zvunca by a Nevada state court.  Klein brings this action in both capacities.  Attorney and Plaintiff John Xydakis represents Klein.  Cristina Zvunca is a resident of Romania and was Claudia Zvunca's daughter.

### III. FACTS COMMON TO ALL COUNTS.

#### A. Colorado & Circuit Court of Cook County Allow Two Cases to Proceed.

9.      In 2002, in Colorado, a Greyhound bus ran over and killed Claudia Zvunca with her seven-year-old daughter (Cristina) present.  Claudia was married to Tiberiu Klein.  Klein is not Cristina's adoptive or biological father.

4

10.     Several months later, Klein filed a wrongful death case in Cook County, Illinois against Greyhound.  Greyhound removed the case to the Northern District of Illinois District Court, and then had it transferred to the District Court of Colorado.  A year later, Klein wanted an Illinois administrator to substitute in as party plaintiff.  Greyhound said this was unnecessary because:

> i.  Klein's caption that he brought suit "individually and as the Executor of the Estate of Claudia Zvunca . . . is mere surplusage[;]"

> ii.  "Under Colorado law, Plaintiff [K]lein, as the surviving spouse . .  is the real party in interest in the wrongful death claim[;]"

> iii.  "The suggestion that the minor daughter [Cristina] has any claim for damages under the pending action is contrary to Colorado law[;]"

> iv.  "Plaintiff's [Klein] choice to bring suit in his name precludes any action or recovery by the daughter for wrongful death and ..  [the proposed Illinois administrator] lacks any standing to be named a Plaintiff[;]" and

> v.  "Neither Defendant has alleged that Plaintiff [Klein] is not the real party in interest nor that he lacks capacity to sue."

11.     The Colorado District Court agreed that "[a]ny claim for damages sustained by Cristina Zvunca her own behalf is not an issue in this litigation in which she is not a party."

12.     In 2004, two years after Claudia's death, Cristina filed a wrongful death case in Cook County against Motor Coach Industries ("MCI"), the bus maker, and then added Greyhound.

13.     Greyhound contested if the "Illinois wrongful death action applies" and Cristina could have a separate case.  Greyhound argued Klein "certainly did have a legal right under the Colorado law to file a lawsuit and she [Cristina] is going to get money if he [Klein] gets money in that case."  The Cook County denied Greyhound's motion to dismiss based on a prior pending action.

14.     MCI also argued that Cristina's "Illinois action is barred due to the viability of a predecessor suit [Klein's] in Colorado."  MCI claimed, the "existence of both suit[s] is violative" of both Colorado and Illinois' "prohibition against multiple wrongful death suits for a single incident."

15.     The Cook County  Court disagreed:  "[w]hile multiple suits for a single incident are not expedient, they are not prohibited in Illinois."  The Court noted, "in this instance, the suits contain different plaintiffs, but different defendants; MCI is not a party to the Colorado litigation."

## B. Twice, Illinois Appellate Courts Hold Both Cases Could Proceed.

16.     In 2005, Greyhound appealed a Cook County order denying its motion to stay proceedings.  Greyhound argued a stay should be imposed because "the Illinois action, brought on behalf of Claudia Zvunca, the decedent's daughter, is duplicative of an action pending in the United States District Court for the District of Colorado brought by Tiberiu Klein, decedent's widower."  The Illinois Appellate Court disagreed:

> "[W]e cannot find the sort of privity between the parties that would imply the substantial similarity necessary to justify a stay under section 619(a)(3). Following the decedent's demise, Klein and Zvunca are  legally stranger."

17.     A year later, MCI appealed "from an order denying a motion to dismiss the complaint based upon the doctrine of *forum non conveniens*."  MCI also claimed Cristina's case was "'impermissibly duplicative' of the wrongful death claim asserted in the Colorado action." MCI "further argue[d] that plaintiffs' attempt to split the wrongful death claim into two separate cases in two different jurisdictions is patently impermissible and demonstrates the unequivocal presence of forum shopping'"  Again, the Illinois Appellate Court disagreed:

> "We must point out that the plaintiffs in this litigation are not the same plaintiffs in the Colorado action.  Thus we cannot say that the plaintiffs here have attempted to 'split' their claim between two jurisdictions."

> "This action has properly been brought in the name of the personal representative of the deceased.  The Colorado action was brought by the surviving spouse and the plaintiffs here have no connection to that case."

18.     Still, Greyhound and MCI repeatedly refused to settle Cristina's Cook County case if it did not include Klein's Colorado case.

19.     In 2010, Cook County Judge Haddad who presided over Cristina's case was asked if he was trying to also settle Klein's case.  "Klein's Colorado case is not before me," Haddad said, "why would you ask me that question?  Haddad was asked again, "[c]an you tell us whether you are settling Mr. Klein's action in Colorado?  Haddad answered, "I said no."

20.     However, a few days later, Haddad entered a settlement Order claiming to have settled Klein's case for $52,735.  In 2013, the Illinois Appellate Court overturned the "settlement" and referred an attorney to disciplinary authorities.  Several months after remand, Haddad and Presiding Judge Maddux "resigned."

21.     In 2016, Haddad's successor, Judge John Kirby did the same thing.  Klein now seeks relief here for violation of his due process and equal protection rights and for related State law claims.

### C. In 2014, Both Cristina and Klein's Case Proceed in Cook County.

22.     In 2014, the Colorado District Court dismissed Klein's case for lack of subject matter jurisdiction.  Several months later, Klein refiled in the Circuit Court of Cook County, pursuant to 735 ILCS 5/13-217.  In 2014, the Circuit Court of Cook County also reinstated Cristina's case after remand.

23.     For Cristina's case, the Probate Division of the Circuit Court of Cook County then appointed Cristina as Supervised Administrator for the Estate of Claudia Zvunca to pursue the wrongful death and survival claims in the Law Division.  However, the Probate Court judge limited Cristina's authority by court Order:

- "Cristina Zvunca is enjoined and cannot pursue any claims for Tiberiu Klein in the Illinois Case or Colorado Case."  "Tiberiu Klein and Cristina Zvunca are ordered to maintain their own separate lawsuits for their own benefits and damages and shall not seek damages on behalf of the other."

- Cristina's case is "solely for Cristina Zvunca's benefit, Klein's case "is separate and distinct from the Illinois case brought on behalf of Cristina, that each was separately maintained and litigated, and that neither shall have any legal, collateral estoppel, or res judicata effect on the other."

- "[T]he Illinois courts have found that these two separate cases can be maintained and have especially reserved Cristina to the Illinois Case regardless of the Colorado Case, and Tiberiu Klein's' right to pursue his Colorado Case regardless of the Illinois Case[;]" and

8

- "[T]he Illinois courts have found that these two separate cases can be maintained and have especially reserved Cristina Zvunca's right to the Illinois Case regardless of the Colorado Case, and Tiberiu Klein's right to pursue his Colorado Case regardless of the Illinois Case."

24.     Hence, the Probate Court Order barred Cristina from seeking relief for Klein.  In addition, Cristina was not only serving as administrator for her wrongful death claims, but also had her own negligent infliction of emotional distress claims arising from the incident.  Hence, even without the Probate Court Order, a conflict existed in trying to representing Klein's interest.

25.     In the Law Division, on March 7, 2014, in Cristina's case, the judge ordered the parties to produce a listing of outstanding discovery and other issues to try the case within six months.  However, the case was reassigned a few months afterwards to another judge.

26.     The next judge also stated the trial would take place in a few months.  Cristina then retained attorney Daniel O'Brien.  However, because the judge and O'Brien were friends and O'Brien's firm donated thousands for his reelection, the judge recused himself.  Around August 2014, the case was reassigned to Judge John P. Kirby.  O'Brien told Klein he has connections with Kirby and several other Cook County judges.

**D. O'Brien Forced to Settle Case.**

27.     O'Brien repeatedly assured Klein he was "not involved" in Cristina's case. O'Brien even amended Cristina's Complaint disclaiming Klein's interest and attached the Probate Order barring Cristina from seeking relief for Klein.

28.     Greyhound, MCI and O'Brien then objected to Klein's consolidating his case with Cristina's.  The Cook County judge not only denied consolidation, but also *sua sponte* stated Klein should be thrown in jail.  In November 2015, Kirby then denied Klein's motion to

intervene in Cristina's case. Kirby's later order stated Klein is not "a dependent beneficiary" in Cristina's case and hence had no standing or interest.

29.     With previous judges, Cristina's case was supposed to be tried between August and December 2014. However, for over a year and a half, O'Brien does little if any trial preparation in front of Kirby. Kirby then claims a January 2016 trial date is set in stone.

30.     Only then does O'Brien issue subpoenas for out-of-state witnesses for their depositions, a process that would take months because Illinois lacks any jurisdiction over out-of-state residents. O'Brien never talks to almost all key trial witnesses.

**E. Parties Again Try to Destroy Klein's Claims.**

31.     O'Brien is unprepared to go to trial and a bank is suing his law firm (Winters) on an overdue loan. However, Greyhound and MCI will not settle with O'Brien as long as Klein's case was alive. Thus, O'Brien, Bozych, Vrnanicar, Powers, Adams, and Kirby try to find a way around this.

32.     Even though Kirby stated the trial date was set in stone, Kirby vacates the January 2016 trial date for Cristina's case. Then, on information and belief, Kirby, O'Brien, Vranicar and Bozych get Klein's judge to dismiss Klein's case with prejudice. Kirby and that judge share the same law clerk. The dismissal order states Klein's interests must be pursued in Cristina's case in front of Kirby,

33.     O'Brien tells Klein that he must also disclaim any interest in Cristina's case to ensure his rights cannot be adjudicated there. Klein provides him with one. O'Brien then ensures Klein and others cannot contact Cristina.

34.     For example, when Cristina visits Chicago, O'Brien pays for and arranges an apartment for her. Yet, O'Brien refuses to give anybody her address or phone number. O'Brien

even gets an Order barring Klein from even communicating with Cristina. When a notice for Cristina's deposition is issued, Powers and Laduzinsky (presumably at O'Brien's behest) threaten sanctions.

35.     From February through April 2016, Kirby holds *ex-parte* discussions with O'Brien, Bozych, and Vranicar to settle Cristina's case. When they see Klein or his agents in the courtroom, they close the conference room door so that they cannot hear what is going on.

36.     In approximately June 2016, Kirby, O'Brien, Bozych, and Vranicar "settle" Cristina's case without prior notice to Klein. The settlement allocates 60% of the proceeds to wrongful death, and 40% to Cristina's negligent infliction of emotional distress claim. O'Brien claims he is entitled to 1/3 for attorney's fees even though:

    a.  Klein was previously denied consolidation;

    b.  Kirby denied Klein's intervention motion;

    c.  Kirby stated Klein was not a dependent beneficiary;

    d.  Klein had a separate loss of consortium claim;

    e.  O'Brien and Cristina could not represent Klein's interests because of a conflict of interest;

    f.  If the administrator of a wrongful death case has a conflict with beneficiaries, such as where the administrator is a beneficiary and has her own personal injury claims, as here, a special administrator must be appointed for the other beneficiaries;

    g.  The beneficiaries have an absolute right to present their damages before any settlement or trial, not just at a dependency hearing;

    h.  Greyhound argued that Klein's case was valid and timely filed;

i.  The Probate Court Order barred Cristina from seeking relief for Klein in her case;

j.  The Illinois trial court previous stated Klein's case was separate; and

k.  Two Illinois Appellate Court opinions held Klein and Cristina's case was
     separate.

37.     To try to avoid the Probate Court Order and a conflict, O'Brien hires associates/friends Adam Powers and Steven Laduzinsky to represent Cristina in the "dependency hearing" phase.  Behind the scenes, O'Brien controls them and is reportedly paying them.  For example, O'Brien even dictates the orders for them to right at the conclusion of any court appearances.

38.     Powers and Laduzinsky then claim to represent Cristina in her individual capacity, but still present the petition to approve the settlement, even though they are not the wrongful death attorneys.

39.     Klein files a motion to substitute Kirby and sets it for September 1, 2016 in front of the Presiding Judge.  Despite this, Kirby himself denies the motions two days later without any briefing.  Kirby claims Klein lacks standing to bring the motion because he is not a party.

40.     On August 25, 2016, Kirby holds a hearing with O'Brien, Powers, Laduzinsky, Bozych and Vranicar present.  To try to evade the conflict again, O'Brien has Powers and Laduzinsky argue that Cristina deserves the whole settlement.  Kirby then rules Klein should not receive anything in Cristina's case because Klein "disclaimed" his interest.

41.     As such, Kirby, O'Brien, Bozych, Vranicar, Powers, and Adams now assert that Klein had an interest in Cristina's case (despite previous Illinois Appellate, Probate and Law

Division Orders stating his claims were separate), but that he "disclaimed" them so he now cannot recover anything for the death of his wife.

42.     However, if Klein were a dependent beneficiary in Cristina's case, Kirby, O'Brien, Bozych, Vranicar, Powers and Laduzinsky were required to give Klein notice and the conflict requires a special administrator to be appointed for Klein, Klein would have a right to participate in the damages phase before any dependency hearing, and Klein would have a loss of consortium claim that he himself would control.

43.     Kirby, O'Brien, Bozych, Vranicar, Powers, and Adams intended to injure Klein and deprive him of his rights.  They acted jointly, knowingly, maliciously, and ratified each other's conduct.  Bozych and Vranicar also were involved in the previous sham "settlement" in 2010 that was reversed, forced two Cook County judges to "resign" and referred an attorney to disciplinary authorities.  Klein is entitled to punitive damages for their willful and malicious acts.

44.     Other actions reveal O'Brien, Bozych, Vranicar, Powers, and Adams participation, aid, and/or complicity with Kirby to violate Klein's due process, equal protection, and other rights including, without limitation:

      a.    *Sua sponte*, Kirby raises Klein's "disclaimer;"

      b.    No briefing was ever done on any "disclaimer" issue.  Instead, they wait until after Cristina's case settles to argue that the "disclaimer" bars Klein from recovering.  However, after Klein learns the "disclaimer" is used by O'Brien, Adams, Powers, and Kirby to allege Klein had an interest in Cristina's case and it was "disclaimed," Klein revoked the "disclaimer."  In addition, Klein then produced a "disclaimer" signed by Cristina that O'Brien claimed to revoke.  Despite this, Kirby held Klein's "disclaimer" was effective;

c. *Sua sponte*, Kirby orders O'Brien, Bozych and Vranicar to provide him with any transcripts for any proceedings in Klein's case, presumably so Kirby can decide issues based on his own private investigation and knowledge;

d. Kirby also orders O'Brien to provide him with documents in Klein's case and attend Klein's proceedings in front of another judge. O'Brien then repeatedly appears and interferes in Klein's proceedings claiming he is there as a "friend of the court" and argues against Klein's interests;

e. When Klein's attorney files motions in Kirby's case or when motions were filed addressing Klein's attorney, Kirby refuses to allow the requisite time to respond mandated by the Cook County Local Rules. Kirby would often "reset" the motion date Klein's attorney spindled and then strike the motion if Klein's attorney failed to appear;

f. Kirby, O'Brien and Bozych allow Greyhound's motion to dismiss Cristina's case based on claim splitting to pend for over a year and Kirby never rules on it;

g. Kirby awards O'Brien 1/3 of the total settlement even though O'Brien did little work on the case and was unprepared for trial. Kirby then slashes the other attorney's fees to a fraction of what they seek and holds several more *ex-parte* discussions regarding fee issues without attorneys present;

h. Kirby repeatedly allows "emergency motions" by O'Brien, Powers and Laduzinsky. For example, from January 2016, Kirby allows roughly a dozen non-emergency motions to be heard as "emergencies." The motions are

invariably filed late in the day and Kirby hears them outside normal courtroom hours the next day in the early morning;

i.  Kirby's repeatedly enters "*nunc pro tunc*" orders for O'Brien, Adams, Powers, and Bozych, not to correct clerical errors, but to add judicial actions. Many are entered on "oral motions" or apparently done *sua sponte*;

j.  Kirby allows O'Brien's costs for reimbursement of over $25,000 to house and feed Cristina and her grandparents in Chicago for two years, claiming it is a litigation expense, even the Illinois Rules of Professional Conduct prohibit an attorney from loaning or giving money to a client;

k.  Kirby, O'Brien, Bozych, Vranicar, Powers and Laduzinsky violate the Probate Order barring Cristina's from seeking relief for Klein;

l.  Kirby, O'Brien, Bozych, Vranicar, Powers and Laduzinsky claim Klein is a dependent beneficiary even though when denying Klein's petition for intervention and withdrawal of his attorney, Kirby entered an order stating Klein is not a "dependent beneficiary;"

m.  O'Brien obtains an *ex-parte* injunction without even a motion seeking injunctive relief barring Klein from contacting Cristina;

n.  Kirby, O'Brien, Bozych, Vranicar, Powers and Laduzinsky claim Klein is a dependent beneficiary, even though the operative Complaint in Cristina's case specifically disclaims seeking any relief on behalf of Klein.  Instead, they wait until after Cristina's case "settle" to claim Klein has an interest; and/or

o.  Kirby allows O'Brien to represent Cristina as administrator and in her own individual claims, and allegedly to represent Klein's interests before the

dependency phase, even though attorneys have been disciplined for such actions.

## IV. COUNTS

## COUNT I - 42 U.S.C. §1983 (DUE PROCESS)

45.    Plaintiffs Tiberiu Klein individually and as coadministrator of the Estate of Claudia Zvunca reiterates and realleges paragraphs 1-44 above as though fully incorporated herein.  In addition, Plaintiffs states as follows:

46.    This Count is brought against Daniel E. O'Brien, Winters Salzetta O'Brien & Richardson LLC, Adam Powers, Steven Laduzinsky, Laduzinsky & Assoc. P.C., Greyhound Lines Inc., Laidlaw Corp., First Group PLC, Paul Bozych, Clausen Miller, Wilson Elser Moskowitz Edelman & Dicker LLP, Nielsen Zehe & Antas P.C., Michael Vranicar, Patton & Ryan LLC, Motor Coach Ind. Inc., and Motor Coach Int'l. Inc.

47.    The actions of Defendants in jointly participating in, obtaining the aid, and/or conspiring with a State official (Judge John Kirby) violated Plaintiffs' due process guarantees of the 14th amendment of the United States Constitution.

48.    Pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs also seek a declaration that Klein may seek relief for his damages relating to the death of his wife in a separate proceeding and his rights were not adjudicated within Kirby's case.


WHEREFORE, Plaintiffs pray for judgment against Defendants jointly and severally for compensatory and punitive damages in an amount to be proved at trial, for attorney's fees and costs, for pre-and post judgment interest, and for any further and equitable relief as may be just.

16

## COUNT II - 42 U.S.C. §1983 (EQUAL PROTECTION)

49.     Plaintiffs Tiberiu Klein individually and as coadministrator of the Estate of Claudia Zvunca reiterates and realleges paragraphs 1-44 above as though fully incorporated herein.  In addition, Plaintiffs states as follows:

50.     This Count is brought against Daniel E. O'Brien, Winters Salzetta O'Brien & Richardson LLC, Adam Powers, Steven Laduzinsky, Laduzinsky & Assoc. P.C., Greyhound Lines Inc., Laidlaw Corp., First Group PLC, Paul Bozych, Clausen Miller, Wilson Elser Moskowitz Edelman & Dicker LLP, Nielsen Zehe & Antas P.C., Michael Vranicar, Patton & Ryan LLC, Motor Coach Ind. Inc., and Motor Coach Int'l. Inc.

51.     The actions of Defendants in jointly participating in, obtaining the aid, and/or conspiring with a State official (Judge John Kirby) violated equal protection guarantees of the 14th Amendment of the United States Constitution.  Defendants' acts were done with actual malice, spite, with the intent to and knowing indifference to deprive Plaintiffs of their rights.

52.     Pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs also seek a declaration that Klein may seek relief for his damages relating to the death of his wife in a separate proceeding and his rights were not adjudicated within Kirby's case.


WHEREFORE, Plaintiffs pray for judgment against Defendants jointly and severally for compensatory and punitive damages in an amount to be proved at trial, for attorney's fees and costs, for pre-and post judgment interest, and for any further and equitable relief as may be just.

## COUNT III – FRAUD

53.     Plaintiffs Tiberiu Klein individually and as coadministrator of the Estate of Claudia Zvunca reiterates and realleges paragraphs 1-44 above as though fully incorporated herein.  In addition, Plaintiffs states as follows:

54.     This Count is brought against Daniel E. O'Brien, Winters Salzetta O'Brien & Richardson LLC, Adam Powers, Steven Laduzinsky, Laduzinsky & Assoc. P.C., Greyhound Lines Inc., Laidlaw Corp., First Group PLC, Paul Bozych, Clausen Miller, Wilson Elser Moskowitz Edelman & Dicker LLP, Nielsen Zehe & Antas P.C., Michael Vranicar, Patton & Ryan LLC, Motor Coach Ind. Inc., and Motor Coach Int'l. Inc.

55.     As noted above, Defendants are lliable for fraud and/or assisting, conspiring, aiding, abetting, acquiescing, acting in concert, ratifying, accepting the benefits of the wrongful acts knowing it was wrongfully obtained, all of which proximately damaged Plaintiff.


WHEREFORE, Plaintiffs pray for judgment against Defendants jointly and severally for compensatory and punitive damages in an amount to be proved at trial, for attorney's fees and costs, for pre-and post judgment interest, and for any further and equitable relief as may be just.


## COUNT IV  -  INTENTIONAL INTERFERENCE

56.     Plaintiffs Tiberiu Klein individually and as coadministrator of the Estate of Claudia Zvunca reiterates and realleges paragraphs 1-44 above as though fully incorporated herein.  In addition, Plaintiffs states as follows:

57.     This Count is brought against Daniel E. O'Brien, Winters Salzetta O'Brien & Richardson LLC, Adam Powers, Steven Laduzinsky, Laduzinsky & Assoc. P.C., Greyhound

Lines Inc., Laidlaw Corp., First Group PLC, Paul Bozych, Clausen Miller, Wilson Elser

Moskowitz Edelman & Dicker LLP, Nielsen Zehe & Antas P.C., Michael Vranicar, Patton &

Ryan LLC, Motor Coach Ind. Inc., and Motor Coach Int'l. Inc.

58.     As noted above, Defendants are liable for intentionally interfering with Klein's

expectancy in pursuing his own case for damages and/or assisting, conspiring, aiding, abetting,

acquiescing, acting in concert, ratifying, accepting the benefits of the wrongful acts knowing it

was wrongfully obtained, all of which proximately damaged Plaintiff.


WHEREFORE, Plaintiffs pray for judgment against Defendants jointly and severally for

compensatory and punitive damages in an amount to be proved at trial, for attorney's fees and

costs, for pre-and post judgment interest, and for any further and equitable relief as may be just.


### COUNT V –QUANTUM MERUIT

67.     Plaintiff John Xydakis reiterates and realleges paragraphs 1-44 above as though

fully incorporated herein.  In addition, Plaintiff states as follows:

68.     This Count is brought against Cristina Zvunca for *quantum meruit*.

69.     In 2002, a Greyhound bus ran over and killed Claudia Zvunca in Colorado in

front of her eight year old daughter, Defendant Cristina Zvunca.  In 2007, Tiberiu Klein was

appointed Defendant's guardian by the Circuit Court of Cook County, Probate Division.

70.     Pursuant to that authority, in 2010, Klein , as guardian, hired Plaintiff, attorney

John Xydakis, to provide legal representation to Defendant.

71.     After Defendant turned eighteen years of age in 2012, Defendant ratified the agreements and further retained Plaintiff to provide legal services through 2014, when Defendant retained another attorney.

72.     From 2010 through 2014, Plaintiff provided legal services that benefitted Defendant in at least the following matters:

1.  in the Circuit Court of Cook County Illinois, for prosecution of her individual claims as well as in her capacity as administrator for the wrongful death and survival claims (Case 07 L 3391)

2.  in the Circuit Court of Cook County Illanos, to protect Defendant's interests (Case No. 09 L 6397);

3.  in the Circuit Court of Cook County Illinois, for the guardianship of the minor and the minor's estate (Case 07 P 7929);

4.  in the Circuit Court of Cook County Illinois, prosecuting the wrongful death and survival claims as well as for Defendant's own personal injury claims (Case 07 L 3391);

5.  in the First District Appellate Court of Illinois for multiple appeals (including Case Nos. 10-3176, 10-3196, 10-3197, 10-0768, 11-1667, 11-3547, 11-3337,

6.  in the United States District Court for the Northern District of Illinois (Case No. 11 C 798);

7.  in the United States Court of Appeals for the Seventh Circuit (Case No. 11-2603);

8.  in the United States District Court of Colorado relating to Defendant's own personal injuries (Case No. 10 CV 01701); and

9.  in the United States Court of Appeals for the Tenth Circuit relating to appeals from the District Court of Colorado (Case No. 11-1351).

73.  All of the above cases related to wrongful death claims and claims for Defendant's personal injuries.  For all of the above cases, Defendant agreed to compensate Plaintiff for his legal services.

74.  In 2016, Defendant settled the wrongful death claims and claims for her personal injuries for $4.95 million.  Defendant would not have been able to do so had it not been for the legal services that had been previously provided to her by Plaintiff in the above cases.

75.  Plaintiff's legal services benefited Defendant and were not performed gratuitously.

76.  In addition, Defendant accepted Plaintiff's services and ratified any agreements entered into on her behalf by her former guardian.

77.  Defendant is unjustly enriched by the valuable legal services provided to Defendant by Plaintiff and it would be unjust for Defendant to retain the benefit of Plaintiff's services in the absence of compensation.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages in excess of $75,000 and in an amount to be proved at trial, attorney's fees, costs and prejudgment interest in an amount to be proved at trial and for any further and equitable relief as may be just.

**JURY DEMAND**

Plaintiffs demands a jury trial on all Counts.


**CERTIFICATE OF SERVICE**

The undersigned, an attorney, does hereby certify under penalties of perjury as provided by

law, that he served a copy of this Notice and the documents referred to therein upon the above-

named person by both filing it with the United States District Court of the Northern District of

Illinois' CM/ECF electronic filing system on January 5, 2017.


BY: /s/        John Xydakis        
     John Xydakis, Attorney for Plaintiff